Date signed March 24, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| In Re: | Case No. 07-20772PM |
|---|---|
| Glenn W. Penn and Kara L. Penn, | Chapter 13 |
| Debtors. | |

**MEMORANDUM OF DECISION**

Laura J. Margulies, Esq. filed an application for compensation for services rendered the Debtors in this bankruptcy case that was filed under Chapter 13 on October 31, 2007. She seeks an allowance of $4,500.00 for services rendered in the period from July 22, 2007, through January 14, 2008, and for preparing fee applications afterwards. On February 14, 2008, this court entered an Order confirming the Debtors' 60-month Amended Plan that provides for payments of $321.00 monthly for the first year and $986.00 monthly for the remaining months.

The Disclosure of Compensation filed by counsel showed a fee charged of $4,500.00, with a $1,500.00 retainer paid to her. In fact, the Disclosure also shows, somewhat ambiguously, that the real charge is $300.00 an hour. She agrees to represent the Debtors for the life of the case, but only upon payment of her hourly fee for matters not related to confirmation. The prolonged representation statement is illusory at best.

In deciding this matter, the court is guided by Appendix F of the Local Bankruptcy Rules. This document was the product of a long cooperative and deliberative process involving Judges of this court led by Judge Nancy Alquist, the Chapter 13 Trustees, representatives of the Bankruptcy Bar Association of Maryland, the Consumer Bankruptcy Section of the Maryland

State Bar Association and other lawyers.[1]  This project was conceived in an effort to work out an agreement as to what would be appropriate compensation for handling cases under Chapter 13 in light of amendments to the Bankruptcy Code made by the Act of 2005.  One special concern of the court and the Chapter 13 Trustees was the need to keep attorneys involved throughout the length of the case because of the experience that clients were often abandoned soon after confirmation so that they lost nearly all the benefit of representation.  Another concern was to create guidelines for the Bar as to what fees would be considered fair and reasonable.  In so doing, the parties agreed on "no look" figures.  That is that certain fees would be presumed reasonable under 11 U.S.C. § 329 and allowed under 11 U.S.C. § 330 without the need for formal fee applications.  A consensus was reached that, in the rare and exceptional case, rather than be limited by the presumptive fees, attorneys could file applications for compensation where they felt that the scheduled compensation was inadequate. The presumptive fees are as follows:

      A.  $ 3,500.00 for representation of a debtor for all matters in the main case.  Counsel retains the right to apply for additional fees for services rendered more than six months after the entry of the order confirming the plan.

      B.  $ 4,500.00 for representation for all matters for the life of the case other than adversary proceedings and trustee audits.

      C.  $ 2,000.00 for representation limited to all matters related to plan confirmation.  Counsel retains the right to file an application for additional compensation for services rendered in adversary proceedings and in contested matters such as motions for relief from the automatic stay, claims objections and motions to avoid liens.

After reviewing the record and counsel's boiler-plate fee application as amended, the court finds nothing extraordinary about this case, other than the fee application before it.  The case appears to have been filed to deal with unsecured claims without priority. There was no pending foreclosure.  The Debtors appear to have refinanced their home in October 2005, purchased a new automobile in August 2006, and have another auto loan payment of $665.51 that is scheduled to be paid off by the end of this year.  They also have a time share interest in

---

[1] This history of this effort is described in the opinion of Chief Judge Keir in the case of *In re Bellamy*, 379 B.R. 86 (BC Md. 2007).

Florida property.  None of the four proofs of claims filed by the secured creditors showed any arrears at the time of filing of this case.  The original Plan filed by counsel providing for 60 payments of $321.00 was patently underfunded as noted in the Trustee's objection.  The Debtors' Schedules I and J reflect overwithheld income taxes of more than $300.00 a month and paint a picture of disposable income as if the $665.61 payment would continue for the life of the Plan.  It is beyond dispute that the original Plan prepared by counsel was subject to objection by virtue of 11 U.S.C. § 1325(b)(1)(B) and could not be confirmed.

       The court finds that there is nothing about this case that justifies the fee sought.  The time said to be spent on preparation of the Plan, Schedules and Statement of Financial Affairs and initial study of the clients' affairs that is said to be over 14 hours is clearly excessive.  Similarly, the court finds it unreasonable that it took more than an hour to make two amendments to the Plan, namely changing paragraph 1. to provide for the increased payment and removing the provision that provided for surrender of the time share to Starwood.

       In summary, the court will, in the exercise of its discretion, deal with the Amended Application as if counsel agrees to the flat fee of $3,500.00 for all matters in the main case through August 14, 2008, although a finding could be made on the facts of this case that the $2,000.00 fee arrangement for services relating only to plan confirmation is more appropriate.

       An appropriate order will be entered.

cc:    Debtors
        Debtors' Counsel
        Chapter 13 Trustee
        United States Trustee

**End of Memorandum of Decision**